UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| HEATHER AND ADAM RODGER, )<br>)<br>　　　Plaintiffs, )<br>)<br>　　　v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>　　　Defendant. )<br>_____ ) | No. 16-cv-468-AJ |

UNITED STATES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO STRIKE

I.　INTRODUCTION.

On January 3, 2017, the United States moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).  DN 8.  Plaintiffs have since objected to the Motion. DN 9.  Attached to their objection are affidavits of Plaintiff Heather Rodger and Jack Goldberg, M.D.  Because the pending Rule 12(b)(6) motion is based solely on the pleadings, and the affidavits of Heather Rodger and Jack Goldberg constitute material outside of the pleadings, the United States moves to strike those affidavits.

II.　THE RODGER AND GOLDBERG AFFIDAVITS
　ARE EXTRANEOUS AND NOT APPROPRIATE
　FOR CONSIDERATION WITH RESPECT TO THE
　PENDING 12(B)(6) MOTION TO DISMISS.

The standard of review of a Rule 12(b)(6) motion is limited to the facts stated on the face of the complaint, documents appended to, or incorporated by reference to, the complaint or matters of judicial notice.  Waterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  In reviewing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the factual allegations in a plaintiff's complaint set forth a plausible claim upon which relief may be granted.  Woods v.

Wells Fargo Bank, N.A., 733 F.3d 349, 353 (1st Cir. 2013).  The Court must accept the factual allegations in the complaint as true.  Waterson, 987 F.2d at 3.  The standard for a Rule 56 motion for summary judgment is much different.  There, the court must determine whether there are any genuine issues of material fact and whether the movant is entitled to judgment as a matter of law.  "Defendants typically bring Rule 56 motions after some, if not all, of the discovery process has concluded because to prevail on the motion, the movant must direct the court to specific, admissible evidence in the record to show that the other side could not win at trial."  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).

As set forth in the United States' Motion to Dismiss (DN 8) and Reply to Plaintiffs' Objection to the United States' Motion to Dismiss filed concurrent with this Motion, accepting the facts in the complaint as true, Plaintiffs have failed to timely exhaust their administrative remedies with respect to their claim and, as such, the United States has not waived its sovereign immunity for that claim.  The United States dispositive motion is based on the acceptance of Plaintiffs' alleged facts as they relate to the accrual of their cause of action.  Plaintiffs are correct when they state "*[t]he material facts on the accrual issue are not disputed in this case*." (italics added) DN 9-1 at 15.  This Court has been asked to determine whether Plaintiffs' claim accrued on March 26, 2014, when after 16 months of complaining about symptoms, she learned of her cancer diagnosis.  DN 1 at ¶¶ 12-16.  All facts relative to this determination are contained in the Complaint.  The issue is a pure legal question and no further information is needed or appropriate to determine the suitability of this case for dismissal for failure to state claim under which relief may be granted.

In their objection to Defendant's Motion to Dismiss, Plaintiffs have submitted evidence outside of the Complaint in opposition to the United States' Motion to Dismiss in the form of

affidavits of Heather Rodger and Jack Goldberg, M.D., see DNs 91-1, 9-2, purportedly seeking to have the pending motion to dismiss converted to one for summary judgment. However, the United States has moved solely under Rule 12(b)(6) for a dismissal based on Plaintiffs' failure to state a claim upon which relief may be granted. See DN 8 (no alternative request for summary judgment). Conversion of the United States' motion is improper and unnecessary. Maldonado v. Dominguez, 137 F.3d 1, 5 (1st Cir. 1998) (conversion improper where defendants have not offered material outside the pleadings).

In any event, Heather Rodger's Affidavit purports to establish that she had no reason to believe that her health care providers at Ammonoosuc Community Health Services had delayed or misdiagnosed her rectal cancer at the time she was diagnosed. That fact, even if taken as true, is immaterial to the issue at hand. As Plaintiffs concedes, the standard set by the well-established discovery rule is an objective one. DN 9-1 at 6. See also United States v. Kubrick, 444 U.S. 111, 121-24 (1979). The question is what a reasonable plaintiff, in the exercise of reasonable diligence should have discovered. Id. The facts as to the history of her treatment, as set forth in the Complaint, are the relevant facts.

Additionally, Dr. Goldberg's Affidavit purports to establish the medical difference between local rectal cancer and metastatic rectal cancer. See DN 9-2. Again, that distinction is immaterial to whether Plaintiffs, in the exercise of reasonably diligence, knew that they had been harmed. Instead, it goes to the extent of the harm. The issue to be decided is a narrow one - whether the Complaint, as written, establishes that Plaintiffs failed to exhaust their administrative remedies and, therefore, states a claim upon which relief may be granted. As noted in the opening Motion to Dismiss, the exact nature and extent of the injury is not material to the accrual of the claim.

For these reasons, the Affidavits of Heather Rodger and Jack Goldberg are immaterial to whether Plaintiffs timely filed their claim. Such information is extraneous to the Complaint. The issue for consideration is one of law and not fact. Therefore, this Court should exclude the affidavits of Heather Rodger (DN 9-2) and Jack Goldberg, M.D. (DN 9-3).

III.  CONCLUSION.

For these reasons, this Court should strike the extra-pleading affidavits and decline to convert the United States' motion to one for summary judgment.

                                                      Respectfully submitted,

                                                      EMILY GRAY RICE
                                                      United States Attorney

Dated: January 27, 2017                      By: /s/ Robert J. Rabuck
                                                      Robert J. Rabuck
                                                      Assistant U.S. Attorney
                                                      NH Bar No. 2087
                                                      53 Pleasant Street, 4th Floor
                                                      Concord, NH 03301
                                                      603-225-1552
                                                      rob.rabuck@usdoj.gov