UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Heather Rodger, et al.

   v.                                                    Civil No. 16-cv-468-AJ
                                                         Opinion No. 2017 DNH 055

United States of America


**O R D E R**

      The plaintiffs, Heather and Adam Rodger, bring this two-count medical malpractice claim against the United States of America (the "Government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b); 2671 et seq. See Compl. (doc. no. 1). In Count I, Heather Rodger alleges medical negligence on the part of Ammonoosuc Community Health Services, Inc. ("Ammonoosuc").[1]  In Count II, Adam Rodger seeks to recover for loss of consortium.  The Government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiffs' action is barred by the FTCA's two-year limitations period.  (Doc. no. 7.)  The plaintiffs object.  (Doc. no. 9.)  For the following reasons, the Government's motion is denied.

---

[1] It is undisputed that Ammonoosuc is a Federally Supported Health Center Program under section 330 of the Public Health Services Act, 42 U.S.C. § 254(b), and thereby a covered entity under the FTCA.

**Standard of Review**

The parties dispute the applicable standard of review. The Government moves to dismiss under Rule 12(b)(6). In their objection, the plaintiffs have provided certain affidavits that they contend the court should consider, and accordingly request that the court convert the Government's motion to one for summary judgment. In response, the Government argues that the court need not consider anything outside of the complaint in order to determine that dismissal is appropriate here as a matter of law.

The scope of the court's analysis on a Rule 12(b)(6) motion is generally limited to "facts and documents that are part of or incorporated into the complaint . . . ." GE Mobile Water, Inc. v. Red Desert Reclamation, LLC, 6 F. Supp. 3d 195, 199 (D.N.H. 2014) (quoting Rivera v. Centro Medico de Turabo, Inc., 575 F.3d, 10, 15 (1st Cir. 2009)); see also Fed. R. Civ. P. 12(d). The First Circuit has recognized a limited exception to this general rule for certain categories of documents, see GE Mobile Water, Inc., 6 F. Supp. 3d at 199, but there is no question here that the affidavits submitted by the plaintiffs do not fall within one or more of these categories.

Outside of this exception, "any consideration of documents not attached to the complaint, or not expressly incorporated

therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under [Rule] 56." Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co., 993 F.2d 269, 272 (1st Cir. 1993) (internal quotation marks omitted) (citation omitted); see also Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). When a court elects to convert a Rule 12(b)(6) motion into one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The decision to convert is "wholly" within the trial court's discretion. Buck v. Am. Airlines, Inc., 476 F.3d 29, 38 (1st Cir. 2007) (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)).[2]

---

[2] Traditionally, motions to dismiss FTCA actions on limitations grounds were presented as Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction. See, e.g., Gonzalez v. United States, 284 F.3d 281, 287 (1st Cir. 2002), as corrected (May 8, 2002). This is likely because many Circuits, including the First Circuit, held that the FTCA exhaustion requirement was a jurisdictional prerequisite that could not be waived. See, e.g., id. at 288. Courts apply a different standard under Rule 12(b)(1) when determining whether to convert a motion into one for summary judgment. See id. at 287. Recently, however, the Supreme Court held that the FTCA limitations periods are not jurisdictional requirements. United States v. Kwai Fun Wong,

The court declines to convert the Government's motion into one for summary judgment here.  The court agrees with the plaintiffs that additional evidence beyond the allegations in the complaint is necessary to determine whether the plaintiffs' action is barred by the limitations period.  Indeed, as discussed below, this serves as the court's primary basis for denying the Government's motion.  But the court does not believe that converting the Government's motion into a Rule 56 motion now, before any meaningful discovery has occurred, would serve the interests of this litigation.  The court will accordingly analyze the Government's motion under the Rule 12(b)(6) standard.

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiffs' favor, and "determine whether the factual allegations . . . set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation and quotation marks omitted).  A claim is facially plausible "when the plaintiff[s] plead[] factual content that allows the court to draw the

---

135 S. Ct. 1625, 1633 (2015).  Thus, the government properly brought this action under Rule 12(b)(6), and the Rule 12(b)(1) conversion standard is inapplicable.

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

### Background

Accepting the factual allegations set forth in the plaintiffs' complaint as true, the relevant facts are as follows.

Plaintiff Heather Rodger ("Heather") first came under the care of Ammonoosuc[3] in February of 2010, when she moved to New Hampshire from Vermont. In March of 2012, Heather learned that she was pregnant. On November 17, 2012, Heather gave birth to a baby girl at Littleton Regional Hospital ("LRH"). After delivery, Heather complained of "coccyx" pain in her tailbone. Heather's hospital providers indicated that this would resolve over time.

On multiple occasions between December of 2012 and February of 2014, Heather reported various symptoms to Ammonoosuc,

---

[3] For the purposes of this Order, any healthcare services mentioned can be assumed to have been provided by Ammonoosuc unless another healthcare provider is explicitly mentioned.

including worsening coccyx pain, lower-left quadrant pain, left-mid abdominal pain, constipation, nausea, bloody stool, and perineal pain during intercourse.  Ammonoosuc did not conduct testing or refer Heather elsewhere to determine the source of these symptoms.

On February 11, 2014, Heather returned to Ammonoosuc for an annual physical exam.  During this exam, Heather reported that she had been straining during bowel movements, that stool softeners were not helping, and that her stools were thin.  She also reported that for over a year she had been observing blood on the toilet paper during bowel movements.  Her treating clinician performed a rectal exam and identified an internal soft mass.  The clinician documented a concern for internal hemorrhoids and referred Heather for a consultation with a gastroenterologist.  Heather subsequently underwent a colonoscopy and had the mass biopsied.

On March 26, 2014, Heather was informed that she had rectal cancer and was told that she would need to undergo additional testing in order to determine staging and to plan treatment. During late-March and early-April of 2014, Heather underwent additional testing at LRH and Dartmouth-Hitchcock Medical Center ("DHMC").  On April 9, 2014, Heather attended a medical oncology consultation at DMHC and was informed that she had locally

z

advanced rectal cancer without evidence of metastatic disease. Heather was recommended a course of treatment and referred to a radiation oncologist.  Heather met with the radiation oncologist on April 16, 2014, who requested a second read of her test results and recommended that she meet with a surgeon at DHMC for a second opinion on her treatment.

On April 24, 2014, Heather met with a surgeon at DHMC. During this visit, the surgeon informed Heather that her cancer was not localized and was metastatic to her lymph nodes. Additional testing ruled out metastasis to her muscles and bones, and, on April 30, 2014, her cancer was definitely staged at T3.

Between May of 2014 and July of 2015, Heather underwent aggressive treatment, including chemotherapy, radiation, and surgery.  In July of 2015, Heather was informed that the cancer had metastasized in her lungs.

On April 14, 2016, Heather and her husband, Adam, through present counsel, filed a complaint with the U.S. Department of Health and Human Services ("DHHS").  Having received no response from DHHS within six months, the plaintiffs filed the present action in this court on October 24, 2016.  At the time the plaintiffs filed the present action, Heather's cancer was Stage IV and incurable.

## **Discussion**

The Government contends that the plaintiffs' cause of action must be dismissed in its entirety because the plaintiffs did not file their complaint with DHHS within the two-year limitations period prescribed by the FTCA. The plaintiffs object, arguing that they timely filed their DHHS complaint.

"Federal courts lack jurisdiction over claims against the United States unless the Government has waived its sovereign immunity." Sanchez v. United States, 740 F.3d 47, 50 (1st Cir. 2014) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)). The FTCA serves as a limited waiver of that immunity for torts committed by Government employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Under the FTCA, a claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing." Id. § 2401(b). The First Circuit reads this language to impose two contingent deadlines upon a claimant: first, that the claimant file a claim

8

with the appropriate agency within two years of the date of accrual; and second, that the claimant file an action in court within six months of the date the agency denies that claim.  See Sanchez, 740 F.3d at 50; see also id. at n. 6 (discussing the exhaustion requirements under the FTCA).  At present, the parties' sole dispute is whether the plaintiffs met the first of these two deadlines.

A cause of action generally accrues under the FTCA at the time a plaintiff is injured.  Id. at 52 (citing Donahue v. United States, 634 F. 3d 615, 623 (1st Cir. 2011)).  When a plaintiff brings an FTCA claim for medical malpractice, however, the Supreme Court has held that accrual may be delayed under the "discovery rule" exception.  See United States v. Kubrick, 444 U.S. 111, 122–23 (1979).  Under this exception, a claim accrues when a plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both that she is injured and that the Government was the probable cause of that injury.  See Sanchez, 740 F.3d at 52; Gonzalez, 284 F.3d at 288–89.

This is an objective standard.  Sanchez, 740 U.S. at 52.  A plaintiff need not know that the injury was negligently caused. Gonzalez, 284 F.3d at 289 (citing Kubrick, 444 U.S. at 124). Nor need she know the full extent of her injury.  Id. (citing Marrapese v. Rhode Island, 749 F.2d 934, 940 n.10 (1st Cir.

1984)). "Once a plaintiff knows of the injury and its probable cause, [she] bears the responsibility of inquiring among the medical and legal communities about whether [she] was wronged and should take legal action." Sanchez, 740 F.3d at 52 (quoting Gonzalez, 284 F.3d at 289).

The primary issue before the court is when the plaintiffs became aware of their injury. The Government contends that this occurred on March 26, 2014, when Heather was informed she had rectal cancer. The plaintiffs contend that it occurred on April 24, 2014, when Heather was informed that her cancer was not localized and was metastatic to her lymph nodes. In response, the Government argues that metastasis is not an independent diagnosis, but rather goes to the extent of the underlying injury. The plaintiffs assert that being informed that cancer is not localized and has metastasized constitutes an independent injury.[4]

Neither the Supreme Court nor the First Circuit has directly addressed whether discovering a cancer is metastatic constitutes an injury independent from a diagnosis of localized cancer. Those First Circuit cases that appear most directly on

---

[4] The plaintiffs raise additional arguments in opposition to the government's motion. (Doc. no. 9-1, at 7.) In light of the following discussion, the court need not reach the merits of these arguments.

10

point fail to persuade the court that this is an issue that can be resolved on a Rule 12(b)(6) motion.  Compare, e.g., Gonzalez, 284 F.3d at 289 ("The plaintiff need not know the full extent of the injury . . .") with, e.g., Nicolazzo v. United States, 786 F.2d 454, 456 (1st Cir. 1986) ("[T]he factual predicate for [the plaintiff's] medical malpractice claim could not have become apparent to him before receiving the correct diagnosis . . .").  And though the court has reviewed numerous instructive decisions from other jurisdictions, these cases reveal no ready consensus of authority on this issue.

The court accordingly declines to determine the date on which the plaintiffs became aware of their injury based solely on the pleadings.  Absent mandatory precedent or a clear consensus among other courts to the contrary, the court concludes that the determination of this date is a factual issue more appropriately addressed on summary judgment or at trial.  Cf. Drazan v. United States, 762 F.2d 56, 60 (7th Cir. 1985) (noting that "[t]he record is silent" on the circumstances surrounding the date of accrual, which was "not surprising since the complaint was dismissed . . . before there was any discovery"); McCall-Scovens v. Blanchard, No. CV ELH-15-3433, 2016 WL 6277668, at *9 (D. Md. Oct. 27, 2016) ("It is premature to conclude, well before the close of discovery, that the

statute of limitations defense is so clearly insufficient or frivolous on its face as to be futile.") (internal brackets and quotation marks omitted) (citation omitted).

## Conclusion

For the foregoing reasons, the Government's motion to dismiss (doc. no. 7) is denied. This determination is made without prejudice to the Government's ability to re-raise the limitations issue in a motion for summary judgment or otherwise.

SO ORDERED.

                    _/s/ Andrea K. Johnstone_
                    Andrea K. Johnstone
                    United States Magistrate Judge

March 21, 2017

cc: Kevin F. Dugan, Esq.
     Holly B. Haines, Esq.
     Robert J. Rabuck, Esq.